COLIN M. RUBICH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

AUG 22 2024

Clerk, U.S. District Court
District of Montana - Billings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. ALAINA MARIE GARCIA, Defendant. | CR 24-25-BU-DLC<br><br>**INDICTMENT**<br><br>**BANK FRAUD (Counts 1-2)**<br>Title 18 U.S.C. § 1344<br>(Penalty: 30 years of imprisonment, $1,000,000 fine, and three years of supervised release)<br><br>**WIRE FRAUD (Count 3)**<br>Title 18 U.S.C. § 1343<br>(Penalty: 20 years of imprisonment, $250,000 fine, and three years of supervised release)<br><br>**ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY (Counts 4-12)**<br>Title 18 U.S.C. §§ 1957 and 2<br>(Penalty: Ten years of imprisonment, $250,000 fine, and three years of supervised release)<br><br>**CRIMINAL FORFEITURE**<br>18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1)<br>28 U.S.C. § 2461(c) |
|---|---|

THE GRAND JURY CHARGES:

GENERAL ALLEGATIONS

At all times relevant to this indictment,

### *The Small Business Administration*

The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

### *The Paycheck Protection Program*

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job

retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

A PPP loan application had to be processed by a participating financial institution (the "lender"). If a PPP loan application was approved, the lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The

3

PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

### *The Economic Injury Disaster Loan Program*

The Economic Injury Disaster Loan (EIDL) program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000.00 to small businesses. The amount of the advance was determined by the number of employees, which the applicant was required to certify. The advances did not have to be repaid.

In order to obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenue for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's

knowledge.

The amount of the loan, if the application was approved, was determined based, in part, on the information provided in the application concerning the number of employees, gross revenue, and cost of goods, as described above. Any funds issued under an EIDL, or advance were issued directly by the SBA. EIDL funds could be used for working capital to make regular payments for operating expenses, including payroll, rent/mortgage, utilities, and other ordinary business expenses, and to pay business debt incurred at any time (past present or future).

### *Relevant Financial Institutions*

Celtic Bank was a Federal Deposit Insurance Corporation-insured financial institution headquartered in Salt Lake City, Utah. Celtic Bank participated in the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

Customers Bank was a Federal Deposit Insurance Corporation-insured financial institution headquartered in Malvern, Pennsylvania. Customers Bank participated in the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

## COUNT 1
## (Bank Fraud)

From on or about May 5, 2020, and continuing until on or about July 25, 2020, at Bozeman, in Gallatin County, in the State and District of Montana, and elsewhere, the defendant, ALAINA MARIE GARCIA, did knowingly execute a material scheme to defraud Celtic Bank, a financial institution insured by the Federal Deposit Insurance Corporation.

Specifically, ALAINA MARIE GARCIA, as an authorized representative of Bluebird Property Rentals LLC, an entity she controlled, applied for and was approved for a PPP loan through Celtic Bank, in the amount of $613,000.00. To obtain this loan, GARCIA made numerous false and fraudulent material statements to Celtic Bank. GARCIA falsely stated that Bluebird Property Rentals LLC had paid payroll taxes and had 32 employees with an average monthly payroll expense of $245,533.00.

In the loan application, GARCIA agreed that the funds "will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule." Garcia did not use the proceeds in this manner and instead spent the funds on personal expenses for her private benefit. Further, on July 25, 2020, GARCIA applied for and was granted forgiveness of the loan. To obtain forgiveness, GARCIA falsely claimed to have used the funds for qualified

6

expenses including payroll and business mortgage interest payments. As a result, GARCIA defrauded Celtic Bank of $613,000.00 under its custody and control, in violation of 18 U.S.C. §§ 1344(1).

COUNT 2
(Bank Fraud)

From on or about March 21, 2021, and continuing until on or about April 6, 2021, at Bozeman, in Gallatin County, in the State and District of Montana, and elsewhere, the defendant, ALAINA MARIE GARCIA, did knowingly execute a material scheme to defraud Customers Bank, a financial institution insured by the Federal Deposit Insurance Corporation.

Specifically, ALAINA MARIE GARCIA, as an authorized representative of Bluebird Pro Rentals LLC, an entity she controlled, applied for and was approved for a PPP loan through Customers Bank, in the amount of $875,000.00. To obtain this loan, GARCIA made numerous false and fraudulent material statements to ~~Celtic~~ [Customers] Bank. GARCIA falsely stated that Bluebird Property Rentals LLC had paid payroll taxes and had 32 employees with an average monthly payroll expense of $350,000.00.

In the loan application, GARCIA agreed that the funds "will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rules." Garcia did not use the proceeds in this manner and instead spent

7

the funds on personal expenses for her private benefit. As a result, GARCIA defrauded ~~Celtic~~ Customers Bank of $875,000.00 under its custody and control, in violation of 18 U.S.C. §§ 1344(1).

## COUNT 3
### (Wire Fraud)

From on or about October 30, 2020, and continuing until on or about April 6, 2021, at Bozeman, in Gallatin County, in the State and District of Montana, and elsewhere, the defendant, ALAINA MARIE GARCIA, did knowingly execute a material scheme to defraud, for the purpose of executing the scheme, did knowingly cause to be transmitted in interstate commerce wire communications.

Specifically, ALAINA MARIE GARCIA, as an authorized representative of Blue Bird Property Rentals, LLC DBA Bluebird SGA Health, an entity she controlled, applied for and was approved for EIDL and advance, in the amount of $132,500.00. To obtain this loan, GARCIA made numerous false and fraudulent material statements to in her application. GARCIA falsely stated that Blue Bird Property Rentals, LLC DBA Bluebird SGA Health generated $754,000.00 in gross profits from February 1, 2019 to January 1, 2020 and a cost of goods sold for the same period as $489,000.00. These numbers were fictious and not supported by any federal or state taxation documentation.

In the loan authorization and agreement, GARCIA also promised that the funds will be used "solely as working capital to alleviate economic injury caused

8

by disaster occurring in the month of January 31, 2020, and continuing thereafter." Garcia did not use the proceeds in this manner and instead spent the funds on personal expenses for her private benefit. As a result, GARCIA defrauded the Small Business Administration of $132,500.00, in violation of 18 U.S.C. § 1343.

## COUNTS 4-12

On or about the dates specified in the table below, at Bozeman, in Gallatin County, in the State and District of Montana, and elsewhere, the defendant, ALAINA MARIE GARCIA, did knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, more specifically described in the table below, such property having been derived from a specified unlawful activity, that is, the bank fraud and wire fraud set forth in counts 1-3 above, in violation of 18 U.S.C. § 1957.

| COUNT | DATE | ACCOUNT NUMBER | CHECK NUMBER OR WIRE | PAYEE | AMOUNT |
|---|---|---|---|---|---|
| 4 | 5/8/2020 | Wells Fargo x6211 | 1019 | Rocky Mountain Hard Rock Flooring | $21,888.88 |
| 5 | 5/11/2020 | Wells Fargo x6211 | 1078 | Axilon Law Group Trust | $548,000.00 |
| 6 | 5/18/2020 | Wells Fargo x6211 | 1021 | Marjorie Standish | $23,000.00 |
| 7 | 6/10/2020 | Wells Fargo x6211 | 1083 | Axilon Law Group | $548,000.00 |
| 8 | 10/14/2020 | Wells Fargo x6211 | 1035 | Security Title Company | $30,000.00 |

| 9  | 10/15/2020 | Wells Fargo x6211 | 1032 | Artic Spas Bozeman        | $28,500.00   |
|----|------------|-------------------|------|---------------------------|--------------|
| 10 | 3/29/2021  | Wells Fargo x6211 | Wire | Land Title Guarantee Company | $377,500.00 |
| 11 | 3/29/2021  | Wells Fargo x6211 | Wire | Timothy Kahl              | $420,0000.00 |
| 12 | 3/30/2021  | Wells Fargo x6211 | Wire | Fundamental Capital       | $25,091.61   |

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses set forth in counts 1-3 of this indictment, the defendant, ALAINA MARIE GARCIA, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real and personal, which constitutes and is derived from proceeds traceable to said offense.

2. Upon conviction of the offenses set forth in counts 4-12 of this indictment, the defendant, ALAINA MARIE GARCIA, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real and personal, involved in such offense, and any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following:

> 12991 Highway 65 Eckert, Colorado, 81418 (Delta County, Colorado) – consisting of two parcels. Tax IDs: 323713200054 and 323713200038

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

_____
FOREPERSON

_____
JESSE A. LASLOVICH
United States Attorney

(For) CYNDEE L. PETERSON
Criminal Chief Assistant U.S. Attorney

11