Joseph A. Crone
Gibson Perryman, PLLC
115 North Broadway, Suite 202
Billings, Montana 59101
P: (406) 571-4423; FAX: (901) 472-4169
E: joseph@gibsonperryman.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No.  CR-24-25-BU-DLC |
| Plaintiff, | |
| v. | **BRIEF IN SUPPORT OF MOTION FOR AN UNOPPOSED MOTION TO CONTINUE CHANGE OF PLEA HEARING PURSUANT TO 18 U.S.C. §3161** |
| ALAINA MARIE GARCIA, | |
| Defendant. | |

Ms. Garcia has been charged by Indictment with two counts of bank fraud, in violation of 18 U.S.C. § 1344, one count of wire fraud, in violation of 18 U.S.C. § 1343, and nine counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §1957.  Bank fraud carries a statutory maximum sentence of 30 years imprisonment, and up to three years supervised release.  Wire fraud carries a statutory maximum sentence of 20 years imprisonment, and up to three years supervised release.  Money laundering carries a maximum punishment of ten years imprisonment, and up to three years

supervised release.

The basis for this continuance is that Attorney's for Ms. Garcia, Attorney Joseph A. Crone and Theodore Watson have multiple scheduling conflicts with the scheduled change of plea date of December 17, 2025.

Currently, Ms. Garcia is released, has abided by her terms of release, and has waived her speedy trial right through March 27, 2026 (Doc. 32.)

## ARGUMENT

"The Speedy Trial Act 'gave effect to a Federal defendant's right to speedy trail under the Sixth Amendment and acknowledge the danger to society represented by accused persons on bail for prolonged periods. '''*United States v. Rojas-Contreras*, 474 U.S. 231, 238 (1985) (J. Blackburn concurring) (citation omitted). The Speedy Trial Act requires a defendant to be tried within seventy days of his indictment or of his initial appearance, whichever is later. See 18 U.S.C. § 3161(c)(1).  The Act further provides, however, that:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excluded under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice

served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The Ninth Circuit imposes exacting standards before an "ends of justice" continuance can be granted. As the Circuit explained, "a district court may grant an 'ends of justice' continuance only if it satisfies two requirements: (1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with reference to the facts as of the time the delay is ordered. '''*United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990)) (additional citations omitted). The Ninth Circuit recently reiterated:

> A district courts "discussion of the statutory factors is adequate to support a continuance that serves the ends of justice" when it is clear that the district "considered the factors in § 3161(h)([7])(B) and factor or factors.

*United State v. McCarns*, 900 F.3d 1141, 1145 (9th Cir 2018) (quoting *United States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008)).

Here, Ms. Garcia requests a defined extension to appear for her Change of Plea hearing – no later than an March 27, 2025. As overviewed above, the known facts justify the requested extension. Ms. Garcia believes the failure to grant a continuance would result in a miscarriage of justice, per 18 U.S.C. § 3161 (h)(7)(A) and (B).

Ms. Garcia believes that her case falls within 18 U.S.C. § 3161 (h)(7)(B)(i), (ii), and (iv), which permit the Court to (i) grant a continuance to prevent a miscarriage of justice, or (ii) declare a case to be unusual or complex, or (iv) grant

a continuance to permit the defense reasonable time necessary for effective

preparation, and thus warrants a time extension beyond a Speedy Trail limits.

These sections provide:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.
>> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or la, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> …
>> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause(ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.
>> (iv) Whether the failure to grant such continuance in a case which, taken as a whole is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161 (h)(7)(B)(i), (ii), and (iv).

Based on the facts detailed above – specifically, Ms. Garcia seeks to resolve

this matter through the negotiated plea and has filed her motion to Change her

Plea.  The current Order (Doc.38.) has set a Change of Plea hearing on December 17, 2025. However, Counsel for Alaina Garcia cannot appear on that date because Counsel for Alaina Garcia has multiple scheduling conflicts on December 17, 2026.

## CONCLUSION

Given the lack of opposition by the government and the above facts, continuance of the Change of Plea hearing is appropriate in this case. Pursuant to a Speedy Trial Waiver, already filed separately, Ms. Garcia is willing to appear at a later date for her Change of Plea hearing, is willing to execute another Speedy Trial Waiver to extend dates beyond March 26, 2026, and respectfully requests that the Court continue the Change of Plea hearing to January 21, 2026.

Ms. Garcia does not believe a hearing is necessary to resolve this motion.

RESPECTFULLY SUBMITTED this 11th day of December, 2025.

BY: */S/ Joseph A. Crone*
GIBSON PERRYMAN, PLLC
Joseph A. Crone, Attorney
        Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief in Support of Motion for Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161 is in compliance.  The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words.  (Total number of words: 1,460 excluding tables and certificates).

DATED this 11th day of December 2025.

ALAINA MARIE GARCIA

BY:    */S/ Joseph A. Crone*
        JOSEPH A. CRONE
        Gibson Perryman, PLLC
            Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>
L.R. 5.2(b)

I, Joseph A. Crone, Attorney for Defendant, hereby certifies that a copy of the foregoing document was served on these persons by the following means:

<u>1,2</u>   CM/ECF

_____   Hand Delivery

<u>4</u>__   Mail

_____   Overnight Delivery Service

_____   Fax

<u>3</u>__   Email


1. Clerk, U.S. District Court

2. Colin Rubich
   Assistant United States Attorney
        Counsel for the United States of America

3. Mark Henkel
   United States Probation Office

4. Alaina Marie Garcia
        Defendant

By:   <u>/S/ *Joseph A. Crone*</u>
        JOSEPH A. CRONE
        GIBSON PERRYMAN, PLLC
             Counsel for Defendant