**COLIN M. RUBICH**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. N., Ste. 3200**
**Billings, MT 59101**
**Phone: (406) 247-4684**
**Fax: (406) 657-6989**
**E-mail: Colin.Rubich@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **ALAINA MARIE GARCIA,** Defendant. | **CR 24-25-BU-DLC** **OFFER OF PROOF** |

The United States of America, represented by Colin M. Rubich, Assistant United States Attorney for the District of Montana, files its Offer of Proof in anticipation of the Change of Plea hearing scheduled for January 21, 2026.

1

## THE CHARGE

The defendant, Jena Mae Laughery, is charged by indictment with wire fraud, in violation of 18 U.S.C. §§ 1344 and 2 – counts 1-2, wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 – count 3, and engaging in monetary transactions in property derived from specified unlawful activity – 18 U.S.C. §§ 1957 and 2.

## PLEA AGREEMENT

The defendant will plead guilty to count 1 and 5 of the indictment.   The United States presented any and all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S. 134, 145-46 (2012).

## ELEMENTS OF THE CHARGE TO WHICH SHE WILL PLEAD

In order for the defendant to be found guilty of the charge of wire fraud and aggravated identity theft, as charged in the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

<u>**Bank Fraud – Count 1:**</u>

>**First**, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2

**Second**, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third**, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

**Fourth,** That the financial institution was then federally insured by the Federal Deposit Insurance Corporation or other federal deposit insurance.

### Engaging in monetary transactions in property derived from specified unlawful activity – Count 5:

**First**, the defendant knowingly engaged or attempted to engage in a monetary transaction;

**Second**, the defendant knew t that the property involved in the monetary transaction is from criminally derived property;

**Third**, The property involved was of a value greater than $10,000 and

**Fourth**, the property involved in the monetary transaction was derived from specified unlawful activity.

### PENALTY

Count 1 carries a maximum possible punishment of 30 years of imprisonment, a $1,000,000 fine, three years of supervised release, and a $100 special assessment.

Count 5 carries a maximum possible punishment of 10 years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On May 5, 2020, the defendant, Alaina Garcia, as an authorized representative of Bluebird Property Rentals LLC, an entity she controlled, applied for and was approved for a Payroll Protection Program (PPP) loan through Celtic Bank, in the amount of $613,000.00. To obtain this loan, Garcia made false and fraudulent material statements to Celtic Bank. In the PPP application, Garcia falsely stated that Bluebird Property Rentals LLC had paid payroll taxes and had 32 employees with an average monthly payroll expense of $245,533.00. None of these statements were true. Garcia and Bluebird Property Rentals LLC had no employees and had never paid payroll tax. Both of these fraudulent statements were material as they effected Garcia's eligibility to receive the loan and the amount she received. Without these fraudulent statements, the loan would not have been issued.

In the loan application, Gracia also agreed that the funds "will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection

4

Program Rule." Garcia did not use the proceeds in this manner and instead spent the funds on personal expenses for her private benefit. Most of the funds were expended purchasing a large piece of property in the Bozeman area. On May 11, 2020, Garcia transferred $548,000.00 of the loan proceeds to Axilon Law Group as a part of this real estate transaction.   This transfer constituted a financial transaction using funds procured as part of the bank fraud described above. Bank fraud is a specified unlawful activity.

On July 25, 2020, Garcia applied for and was granted forgiveness of the loan.   To obtain forgiveness, Garcia falsely claimed to have used the funds for qualified expenses including payroll and business mortgage interest payments. None of these statements were true.

DATED this 18th day of January, 2026.

    KURT G. ALME
    United States Attorney

    */s/ Colin M. Rubich*
    COLIN M. RUBICH
    Assistant U.S. Attorney