Joseph A. Crone
Gibson Perryman, PLLC
115 North Broadway, Suite 202
Billings, Montana 59101
P: (406) 571-4423; FAX: (901) 472-4169
E: joseph@gibsonperryman.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAINA MARIE GARCIA,<br><br>    Defendant. | Cause No.  CR-24-25-BU-DLC<br><br>**BRIEF IN SUPPORT OF MOTION FOR AN UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING PURSUANT TO 18 U.S.C. §3161** |

Ms. Garcia has pled Guilty on January 21, 2026 to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §1957.  This Honorable Court rendered an Order setting Sentencing Hearing on May 20, 2026 (Doc. 45.) This Honorable Court also Ordered the United States Department of Probation and Parole to render a Pre-Sentence Report prior to the Sentencing Hearing of this matter. In compliance with said Order, the United States Office of Probation and Parole served a draft copy of the Pre-Sentence Report on Attorney Joseph A. Crone on April 3, 2026, Good Friday.

Attorney Joseph A . Crone is to have Ms. Garcia's objections to the Pre-Sentence Report by Friday April 17, 2026.  Joseph A. Crone departed the State of Montana for the Commonwealth of Puerto Rico for a pre-planned vacation with his family that long pre-dates the Change of Plea Hearing of this cause when the Sentencing Hearing was set.  In addition to needing additional time to meet with his client to digest and serve Ms. Garcia's objections to the Pre-Sentence Report, Ms. Garcia continues to cooperate with the United States Attorney's Office to provide certain information to the United States Attorney's Office.

The basis for this continuance is that Attorney's for Ms. Garcia, Attorney Joseph A. Crone and Theodore Watson wish to schedule a time to meet with Ms. Garcia to discuss her objections to the Pre-Sentence Report, and to serve said objections on the United States Department of Probation and Parole.  In addition, Ms. Garcia continues her cooperation to provide information to the United States Attorney's Office, and hopes to continue to provide additional information to the United States Attorney's Office in the near future.

Currently, Ms. Garcia is released, has abided by her terms of release, and has pled guilty to Counts 1 and 5 of the Indictment.  Ms. Garcia now continues to await Sentencing.

## ARGUMENT

"The Speedy Trial Act 'gave effect to a Federal defendant's right to speedy

trail under the Sixth Amendment and acknowledge the danger to society

represented by accused persons on bail for prolonged periods. '''*United States v.*

*Rojas-Contreras*, 474 U.S. 231, 238 (1985) (J. Blackburn concurring) (citation

omitted). The Speedy Trial Act requires a defendant to be tried within seventy days

of his indictment or of his initial appearance, whichever is later. See 18 U.S.C. §

3161(c)(1).  The Act further provides, however, that:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excluded under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The Ninth Circuit imposes exacting standards before

an "ends of justice" continuance can be granted. As the Circuit explained, "a

district court may grant an 'ends of justice' continuance only if it satisfies two

requirements: (1) the continuance is 'specifically limited in time'; and (2) it is

'justified [on the record] with reference to the facts as of the time the delay is

ordered. '''*United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990)) (additional

citations omitted). The Ninth Circuit recently reiterated:

A district courts "discussion of the statutory factors is adequate to support a continuance that serves the ends of justice" when it is clear that the district "considered the factors in § 3161(h)([7])(B) and factor or factors.

*United State v. McCarns*, 900 F.3d 1141, 1145 (9th Cir 2018) (quoting *United*

*States v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008)).

Here, Ms. Garcia requests a defined extension to appear for her Sentencing

hearing – no later than an September 20, 2026. As overviewed above, the known

facts justify the requested extension. Ms. Garcia believes the failure to grant a

continuance would result in a miscarriage of justice, per 18 U.S.C. § 3161

(h)(7)(A) and (B).

Ms. Garcia believes that her case falls within 18 U.S.C. § 3161 (h)(7)(B)(i),

(ii), and (iv), which permit the Court to (i) grant a continuance to prevent a

miscarriage of justice, or (ii) declare a case to be unusual or complex, or (iv) grant

a continuance to permit the defense reasonable time necessary for effective

preparation, and thus warrants a time extension beyond a Speedy Trail limits.

These sections provide:

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or la, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the

> time limits established by this section.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause(ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.
>
> (iv) Whether the failure to grant such continuance in a case which, taken as a whole is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161 (h)(7)(B)(i), (ii), and (iv).

Based on the facts detailed above – specifically, Ms. Garcia seeks to continue to review the draft Pre-Sentence Report, meet with her attorneys to discuss her objections to the Pre-Sentence Report, and to serve her objections on the United States Office of Probation and Parole.  Ms. Garcia continues to cooperate with the United States Attorneys Office in relaying certain information to their office.  The current Order (Doc.45.) has set a Sentencing hearing on May 20, 2025. However, Counsel for Alaina Garcia wishes to continue the Sentencing Hearing along with associated dates to have additional time to cooperate with the United States Attorney's Office, to confer with her attorneys to discuss objections to the Pre-Sentence Report, and for her attorneys to serve said objections on the

United States Office of Probation and Parole.

## CONCLUSION

Given the lack of opposition by the government and the above facts, continuance of the Sentencing hearing is appropriate in this case. Ms. Garcia is willing to appear at a later date for her Sentencing hearing, and respectfully requests that the Court continue the Sentencing hearing to August 20, 2026.

Ms. Garcia does not believe a hearing is necessary to resolve this motion.

RESPECTFULLY SUBMITTED this 17th day of May, 2026.

BY: */S/ Joseph A. Crone*
GIBSON PERRYMAN, PLLC
Joseph A. Crone, Attorney
    Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief in Support of Motion for Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161 is in compliance.  The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words.  (Total number of words: 1,460 excluding tables and certificates).

DATED this 17th day of May 2026

ALAINA MARIE GARCIA

BY:    */S/ Joseph A. Crone*
         JOSEPH A. CRONE
         Gibson Perryman, PLLC
              Counsel for Defendant

# **CERTIFICATE OF SERVICE**
L.R. 5.2(b)

I, Joseph A. Crone, Attorney for Defendant, hereby certifies that a copy of the foregoing document was served on these persons by the following means:

_1,2_   CM/ECF

_____   Hand Delivery

_4__   Mail

_____   Overnight Delivery Service

_____   Fax

_3__   Email


1. Clerk, U.S. District Court

2. Colin Rubich
   Assistant United States Attorney
        Counsel for the United States of America

3. Mark Henkel
   United States Probation Office

4. Alaina Marie Garcia
        Defendant

By:   /S/ *Joseph A. Crone*
       JOSEPH A. CRONE
       GIBSON PERRYMAN, PLLC
         Counsel for Defendant
