# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–25–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ALAINA MARIE GARCIA, | |
| Defendant. | |

Before the Court is Defendant Alaina Marie Garcia's motion to continue sentencing hearing. (Doc. 52.) For the reasons herein, the motion is denied.

On August 22, 2024, Garcia was indicted with two counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 1 and 2), one count of wire fraud, in violation of 18 U.S.C. §1343 (Count 3), and nine counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §§ 1957 and 2 (Counts 4–12). (Doc. 1.) Following a preliminary pretrial conference, the Court set the jury trial for November 4, 2024. (Doc. 13.)

Thereafter, Defendant requested, and the Court granted four separate motions to continue trial. (Docs. 19, 24, 31, 35.) Through the fourth continuance, the Court warned the parties that it would not continue trial again. (Doc. 35 at 3.) Defendant filed a motion to change plea, and United States Magistrate Judge

Kathleen L. DeSoto set this matter for a change of plea hearing. (Docs. 36, 38.)

Defendant filed a motion to continue the change of plea hearing, which Judge

DeSoto granted. (Docs. 39, 41.) On January 21, 2026, Defendant pled guilty to

Counts 1 and 5 of the Indictment. (Doc. 47.)

The same day, the Court issued its sentencing order, setting sentencing for

May 20, 2026. (Doc. 45.) Through that order, the Court also set the following

presentencing deadlines: the deadline for the United States Probation Office[1] to

disclose the Presentence Investigation Report ("PSR") to counsel—April 3, 2026;

the deadline for counsel for each party to present objections to PSR the probation

officer—April 17, 2026; and the deadline for the final PSR—April 29, 2026. (Doc.

45.)

Despite these deadlines being set in January 2026, on April 17, 2026

Defendant filed the instant motion. (Doc. 52.) Through the motion, Defendant

explains that her counsel received the PSR on April 3, 2026, as scheduled, but

because her counsel had a planned trip to Puerto Rico, he only had seven days to

meet and discuss objections with Defendant. (*Id.* at 2.) Defendant's counsel "has

consulted his calendar and [] respectfully request[s] to continue the Change of Plea

---

[1] The motion repeatedly refers to the "United States Office of Probation and Parole," which does not exist.

hearing[2] of this matter to August 20, 2026." Due to scheduling conflicts and the deadlines impacting Court staff, the Court cannot grant Defendant's request. However, given the Defendant's eleventh-hour request, the Court makes the following minor adjustments to the presentence deadlines[3]:

5. In accordance with U.S.S.G. § 6A1.2, after receipt of the presentence report and no later than **April 24, 2026**, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort. Any requests for extensions of time to present objections to the probation officer must be granted by the Court. Extensions will not be granted absent compelling reasons;

6. The defendant shall present the probation officer with a written letter of acceptance of responsibility, if any, no later than **April 24, 2026**. Late acceptance letters will not be considered without leave of Court. But see Fed. R. Crim. P. 32(i)(4)(A)(ii) (recognizing that the defendant has the right to address the Court orally at sentencing);

---

[2] The Court construes Defendant's request as pertaining to the sentencing hearing, as she has already changed her plea.
[3] The Court notes that the timing of this request was entirely within Defendant and her counsel's control; however, as another courtesy to Defendant's counsel, the Court extends some of the remaining deadlines by one week.

7. The presentence report, in final form, shall be delivered to the Court and the parties no later than **May 6, 2026**;

8. If the objections made pursuant to ¶ 5 are not resolved and counsel wishes the Court to address them, the objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than **May 11, 2026.** The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing.

9. The parties are advised that in the absence of good cause, the Court will not allow witness testimony at sentencing except as authorized by Fed. R. Crim. P. 32(i). The Court will not approve payment of witness fees and costs under Fed. R. Crim. P. 17(b) unless the witness testimony is authorized by Rule 32(i). If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than **May 14, 2026**, of the identity of the witness and the scope and purpose of the intended testimony. The requirement that the opposing party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating ex parte application for witness subpoenas.

10. Without leave of Court, the defendant may file no more than ten (10) letters of support. Defendants wishing to file more than ten (10) letters must

first seek leave of Court explaining why a greater number is necessary.

Letters in support shall be filed on or before **May 14, 2026**.

11. Any responses to sentencing memoranda shall be filed on or before **May 14, 2026.**

The Court's previous scheduling order (Doc. 45) otherwise remains in FULL FORCE AND EFFECT.

Accordingly, IT IS ORDERED that the motion (Doc. 52) is DENIED. Sentencing remains as previously scheduled (*see* Doc. 45), with slight modifications to the presentence deadlines as outlined above.

DATED this 17th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court