Joseph A. Crone
Gibson Perryman, PLLC
115 North Broadway, Suite 202
Billings, Montana 59101
P: (406) 571-4423; FAX: (901) 472-4169
E: joseph@gibsonperryman.com
Attorney for Defendant

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAINA MARIE GARCIA,<br><br>    Defendant. | Cause No.  CR-24-25-BU-DLC<br><br>**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT** |

On January 21, 2026, the defendant Alaina Marie Garcia pled guilty to Counts One and Five of the 12-count Indictment.  Count One charged bank fraud, in violation of 18 U.S.C. § 1344[1], and Count Five charged money laundering, in violation of 18 U.S.C. § 1957.  The Indictment also includes a forfeiture allegation.

---

[1] The plea agreement mistakenly identifies Count One as wire fraud, in violation of 18 U.S.C. § 1343, with a statutory maximum term of imprisonment of 20 years imprisonment.  However, the PSR follows the Indictment and treats Count One as Bank Fraud, in violation of 18 U.S.C. § 1344 and applies all corresponding penalties.

The statutory term of imprisonment as to Count One is no more than 30 years.  As to Count Five, the statutory term of imprisonment is 0 to 10 years.  The Indictment also included a forfeiture allegation.

Ms. Garcia was arrested in the instant offense on September 5, 2024 and made her initial appearance in the District of Montana that same day.  She also secured her release on bond that day and has since remained on bond without any violations.

The Court set sentencing for May 20, 2026 in Missoula, Montana and directed the U.S. Probation Office to conduct a presentence investigation.  The probation office subsequently completed the investigation and disclosed the presentence investigation report (PSR) to the parties on April 3, 2026.   In accordance with Rule 32, Ms. Garcia files the following objections to the PSR.

**Statutory Penalties**

With regard to the statutory penalties, the PSR contains multiple mistakes, and Ms. Garcia requests that the Court direct the probation office to revise the PSR to correct said mistakes.

**Paragraph 121** incorrectly indicates that the statutory term of supervised release as to Count One is three years when it should be five years under 18 U.S.C. § 3583(b)(1).  Further that paragraph should include a statutory term of supervised release of three years under 18 U.S.C. § 3583(b)(2) as to Count Five.

**Paragraph 127** incorrectly indicates that the statutory cite for the maximum fine as to Count One is 18 U.S.C. § 3571(b).  In reality, the fine is specifically authorized by 18 U.S.C. § 1344.

**Offense Conduct**

With regard to the offense conduct section of the PSR, Ms. Garcia emphasizes that she spent the monies she received from the loans on her business, Bluebird, which she shared with Christopher Fanuzzi, who is not charged in this case.

**Paragraphs 1 through 11** and the subsequent accompanying chart appear to mimic the Indictment to provide an outline for Offense Conduct section. However, while it may only be a statement of the allegations, Ms. Garcia emphasizes that the expenditures listed were to maintain Bluebird's property and operations, and while those expenditures may not have been authorized by the PPP program, they were legitimate expenses for Bluebird.

The offense conduct section fails to identify the reasons for the various expenditures of the loan proceeds in this case, which, while unauthorized by PPP or EIDL, may have been legitimate business expenses. Additionally, the information the PSR provides about the defendant's business is inconclusive.

Ms. Garcia objects to **paragraph 28**, which does not indicate that the property 214 S. Black Avenue, Bozeman, MT was a business asset and not a

personal asset.  The $23,000 "Bluebird commission" paid to Marjorie Standish for her work maintaining Bluebird properties, was another business expense, as were the expenditures to Axilon Law Group and Security Title Group.

As to the miscellaneous retail expenditures listed in **paragraph 28**, i.e. Target, Verizon, NW Energy, etc., Ms. Garcia objects to the characterizations that those expenditures were of a personal nature and emphasizes that those expenses were also related to Bluebird's business activities.

## Adjustment for Acceptance of Responsibility

**Paragraph 66** acknowledges that Ms. Garcia qualifies for a reduction for acceptance of responsibility and recommends said reduction.  Further, the probation officer notes that Ms. Garcia has yet to submit a formal statement for acceptance.  The Court has since ordered the submission of said statement no later than Friday April 24, 2026, and Ms. Garcia intends to comply with said order.

## Offense Level Computation

There are no objections to the offense level computation.

## Criminal History

Ms. Garcia objects to **paragraph 85**, which incorrectly indicates that she committed the instant offense while under a criminal justice sentence.  Ms. Garcia

has no prior convictions[2] and therefore could not have been under a criminal justice sentence during the instant offense or at any time.

As to **paragraph 88**, which, while it is lengthy and detailed, contains only mere allegations of a pending criminal charge against her, Ms. Garcia emphasizes that the alleged conduct in Docket DC-23-164B is just that, a pending charge which has no impact her criminal history category, advisory guideline calculation or sentencing options.

Further, Ms. Garcia requests that the Court direct the probation office to amend **paragraph 88** to add that Mr. Fanuzzi is currently under investigation for perjury, which may impact Ms. Garcia's status in the criminal justice system.

### Offender Characteristics

Ms. Garcia objects to **page 2** and **paragraph 95**, which respectively identify her as of "Non-Hispanic origin" and "of Caucasian descent."  Ms. Garcia is of mixed ethnicity.  Her mother is Caucasian and her father was Hispanic, and she requests that the Court direct the probation office to revise the PSR to accurately reflect that information.

Ms. Garcia objects to **paragraphs 101 through 105** of the PSR which offer sweeping generalizations of her employment without providing details as to how she runs or ran her businesses.  Those paragraphs offer no information regarding

---

[2] See PSR at paragraphs 82 and 83.

the respective entities' assets, liabilities, cash flow, number of employees, prognosis for success or reasons for dissolution.

As **to paragraph 112**, specifically her monthly cash flow, Ms. Garcia seeks to clarify that she does not personally receive $3,920 in rental income. Her company does. Rather, she receives $1,400 per month from her business. Accordingly, her total monthly income is only $2,082. Continuing on, she does not pay $1,400 per month in rent. She lives in the basement of Bluebird's rental property. Her monthly expenditures total $1,638. As a result, her monthly cash flow $444, not $1,563.

Ms. Garcia objects to **paragraph 113**, which indicates she has the ability to pay a fine. As the PSR describes she has a negative net worth, limited assets and a limited cash flow. Furthermore, restitution of over $1.6 million is mandatory in this case. She does not have the ability to pay a fine.

RESPECTFULLY SUBMITTED this 22ND  day of April, 2026.

ALAINA MARIE GARCIA

*/S/ Joseph A. Crone*
GIBSON PERRYMAN, PLLC
Joseph A. Crone, Attorney
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>
L.R. 5.2(b)

I, Joseph A. Crone, Attorney for Defendant, hereby certifies that ON April 22, 2026 a copy of the foregoing document was served on these persons by the following means:

<u>1,2</u>   CM/ECF

_____   Hand Delivery

<u>4</u>_____   Mail

_____   Overnight Delivery Service

_____   Fax

<u>3</u>_____   Email

1. Clerk, U.S. District Court
2. Colin Rubich
   Assistant United States Attorney
        Counsel for the United States of America
3. Mark Henkel
   United States Probation Office
4. Alaina Marie Garcia
        Defendant

By:   <u>/S/ *Joseph A. Crone*</u>
      JOSEPH A. CRONE
      GIBSON PERRYMAN, PLLC
      Counsel for Defendant