Joseph A. Crone
Gibson Perryman, PLLC
115 North Broadway, Suite 202
Billings, Montana 59101
P: (406) 571-4423; FAX: (901) 472-4169
E: joseph@gibsonperryman.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAINA MARIE GARCIA,<br><br>Defendant. | Cause No.  CR-24-25-BU-DLC<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW PLEA OF GUILTY** |

COMES NOW, Defendant Alaina Marie Garcia, by and through her counsel Joseph A. Crone and Theodore Watson, and hereby submits her Memorandum in Support of her Motion to Withdraw her Plea of Guilty.

## INTRODUCTION

On January 21, 2026, Ms. Garcia plead guilty to Count 1 of the Indictment which charged her with wire fraud in violation of 18 U.S.C. § 1343.  Ms. Garcia also plead guilty to Count 5 of the Indictment which charged her with engaging in monetary transaction in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957.  Prior to pleading guilty, Ms. Garcia asserted that

she was business partner with Christopher Fanuzzi.  Mr. Fanuzzi was adamant that he was at no time a business partner with Alaina Garcia in any business venture, thus she had no right to treat any of Mr. Fanuzzi's employees as shared employees. On March 12, 2026, Gallatin County Sheriff's Deputy John Fricke notified Ms. Garcia that the Gallatin County Sheriff's Office had sent to the Gallatin County Attorney's Office a Request for Prosecution of Christopher Fanuzzi for Perjury under Montana Code Annotated §45-7-201. Please see email attached as Exhibit "A."  Said perjurious conduct touches and concerns the issue of the business relationship and shared employees between Ms. Garcia and Mr. Fanuzzi, an issue which is material in this federal criminal matter. Evidence showing that Mr. Fanuzzi has lied about Ms. Garcia's role as a business partner could impact how a jury weighs whether Ms. Garcia intended to defraud the United States of America.

## DISCUSSION

A guilty plea may be withdrawn after it is accepted but before sentence is imposed if the Defendant can show a fair and just reason for the withdrawal. Fed.R.Crim.P. 11(d)(2)(B).  The "fair and just reason" standard "is applied liberally," *United States v. Ortega-Ascanio, 376 F.3d 879, 883 (*9TH Cir. 2004). "Fair and Just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.*

The "fair and just reason" standard is simply more generous than the standard for determining whether a plea is invalid. *Id.* at 884. "While the defendant is not permitted to withdraw his plea 'simply on a lark,' the 'fair and just standard' is generous and must be applied liberally." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008)(quoting *United States v. Hyde*, 520 U.S. 670, 676-77, 117 s. Ct. 1630 (1997)). Thus, "a defendant does not have to prove this his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing." *United States v. Davis*, 428 F.3d 802 (9th Cir. 2005); see also *United States v. Garcia*, 401 F.3d 1008, 102 (9th Cir. 2005) ("[We have] squarely rejected the proposition that the fact that a plea is voluntary, knowing, and intelligent forecloses an attempt to withdraw it prior to sentencing."). In this case, Ms. Garcia also does not have to prove that evidence exonerates her or that there is a reasonable probability she would not have been convicted had the case gone to trial. Instead, It is sufficient that the evidence was relevant evidence in her favor that could have a least plausibly motivated a reasonable person in her position not to have pled guilty had he known about the evidence prior to pleading. *United States v. Garcia,* 401 F.3d 1011-12 (9th Cir.2005). 401 F.3d at 1011.

The trial court's failure to address the new evidence is tantamount to a clearly erroneous finding of fact and supports reversal. In addition, the trial court committed an error of law when its case citations had nothing to do with a motion

to withdraw a guilty plea on grounds of newly discovered evidence. *United States v. Ruiz*, 257 F.3d 1030 (9th Cir. 2001). We need not hypothesize about the ripple effect of the new evidence or speculate about its potential effect on a jury. It is sufficient that this evidence was relevant evidence in Garcia's favor that could have a least plausibly motivated a reasonable person in Garcia's position not to have pled guilty had he known about the evidence prior to pleading. *United States v. Garcia*, 401 F.3d 1008, 102 (9th Cir. 2005).

Ms. Garcia asserts that the newly discovered evidence relating to Mr. Fanuzzi transcends to this federal criminal matter because it goes directly to the government's allegation that Ms. Garcia lied about the number of employees to qualify for the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") loans. (Indictment at 6-7) The United States of America indicted Ms. Garcia based on the fact that she applied for certain EIDL and PPP funds by claiming more employees than she actually could account for during the novel Coronavirus pandemic. Mr. Fanuzzi has now been referred for prosecution by a law enforcement agency in the State of Montana for lying to the Gallatin County District Court on the point that he maintained he was not a business partner with Ms. Garcia. This information was not available before Ms. Garcia accepted the guilty plea and had she had access to such information prior to accepting a plea, she could have very likely chosen to proceed to trial. Ms. Garcia asserts that

she is innocent, and that the newly discovered evidence points to a material fact relating to her innocence which was not recognized or known prior to her plea of guilty on January 21, 2026. Finally, while Ms. Garcia does not need to proclaim her innocence to warrant withdrawal of her guilty pleas (See *Garcia*, 401 F.3d at 1012). Ms. Garcia does not file this motion on a lark, very well understands the risks of filing this Motion to Withdraw Guilty Plea and nevertheless wishes to have a jury consider the facts and applicable law.

## CONCLUSION

Defendant Alaina Marie Garcia prays this Honorable Court grant her Motion to Withdraw Guilty Plea and accord whatever further relief this Court deems necessary and just.

Respectfully submitted this 5th day of May, 2026.

/S/ JOSEPH A. CRONE

---------- Forwarded message ---------

Date: Thu, Mar 12, 2026 at 12:38 PM

Subject: GI26-00153

To: alaina.x.garcia@gmail.com <alaina.x.garcia@gmail.com>

Alaina,



I have sent off my investigation/report to the county attorney's office as a request for prosecution (RFP). They typically receive RFPs on Thursdays, so they should receive it today at some point. Please give them some time to review it for themselves before inquiring about the status, as this will take time.

Just so you are aware, I did not add any of the info from your last couple of emails because I had already closed this case, and it was just awaiting Sgt approval. I also realize that some of that information you had already provided in prior documents.

If you have any further questions regarding the status of this case, please get in touch with the County Attorney.

Thanks,

1

John Fricke