**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

Case No: **2:24CR00025-001**

Date: _____

**AFFIDAVIT IN SUPPORT OF MOTION TO VACATE AND SET ASIDE JUDEMENT AND ORDER**

**UNITED STATES OF AMERICA,**
      Respondent,
v.
**ALAINA MARIE GARCIA,**
      Appellant.

**Special Appearance Only**
Submitted by:
**Alaina: Garcia.**
A LIVING WOMAN STANDING IN PRIVATE CAPACITY
NOT THE ENTITY "ALAINA MARIE GARCIA"
c/o 56 Hitching Post Rd
Bozeman, Montana

## I. INTRODUCTION

Alaina: Garcia. appears **specially**, not generally, and avoiding any unintentional joinder for the purpose of appealing the judgement and order entered on May 20, 2026 against the entity "ALAINA MARIE GARCIA" and requests this court **vacate and set aside the judgement and order** for fraud, concealment, and new evidence that was ready to be presented to the court for discovery prior to sentencing by challenging the jurisdiction of the court for several newly discovered facts for certified accounting records and securities, which any reasonable jury, as a fact-finder, could evaluate. The court that issued the order did not have the legal authority to enter the judgement and order while jurisdiction was being challenged. The Plaintiff and defense counsel refused to disclose the 6th Amendment **NATURE** of the accusation. The Plaintiff and defense counsel refused to disclose the NATURE of which the only two (2) known criminal law form jurisdictions the court was moving under Article 3 § 2 of the United States Constitution; **common-law** or **colorable vice-admiralty**. The Plaintiff and defense counsel tricked the Appellant to accept personal jurisdiction (F.R.C.P. 12(b)(2)) as the surety and trustee for several constructive trusts when in fact the Appellant is the grantor and beneficiary. The Plaintiff failed to state a claim upon which relief could be granted (F.R.C.P. 12(b)(6)) by willfully concealed critical accounting and securities evidence, in violation of the Sarbanes Oxley Act and the Securities and Exchange Act, which was recently discovered by the Appellant and being brought to the attention of the court to challenge jurisdiction and accounting irregularities.

## II. AFFIDAVIT

I, Alaina: Garcia, declare under penalty of perjury that the following is true and correct the best of my knowledge and belief in accordance with 28 USC § 1746(1);

1. **FRAUD AND FALSE STATEMENTS AND CONCEALMENT
    OF CERTIFIED ACCOUNTING RECORDS AND SECURITIES
    RULE 16(a)(1) DISCOVERY AND INSPECTION**

1. The court case is a constructive trust and appears to have a civil and commercial component with a charging instrument bearing CUSIP: **926826108**. The certified accounting and charging instrument are being willfully concealed to defraud the Appellant in violation of Internal Revenue Manual § 25.1.1.1.3 "**Definition of fraud,**" I.R.M. § 9.1.3 "**Criminal Statutory Provisions and Common Law,**" 26 USC § 7206 "Fraud and false statements" and concealment, the Sarbanes Oxley Act, and the Securities and Exchange Act. Certified accounting records and the securities were not produced by the Plaintiff or the court, including at sentencing.

2. Appellant cannot understand the charges without the production of the certified accounting records or the charging instruments. Therefore, Appellant moved the court to revoke the acceptance until such time that the NATURE of the charges, the certified accounting records, and the charging instruments were disclosed to the Appellant. Appellant has reason to believe that there is a secondary obligor that is responsible to perform equitable subrogation for setoff, settlement, discharge, recoupment, and closure of all accounts, as a result of the required bonding and underwriting for security instruments under Title 15.

3. Or in the alternative, if there is no fact evidence on the record of the court for the certified accounting records, and there are no charging instruments, then the court did not have subject matter jurisdiction to hear or try the case in res or in rem as the court was proceeding by assumptions and presumptions.

4. Appellant sent a notarized commercial **AFFIDAVIT OF TERMINATION FOR FRAUD AND DEMAND FOR RECOUPMENT** to the broker with a UCC-1 and UCC-3 to order the trust to be revoked and revested (26 USC §§ 671-677) for setoff, settlement, discharge, recoupment, closure of all accounts, and termination of the securities. A complaint was also lodged with the Internal Revenue Service to audit for accounting fraud. See **EXHIBIT A.**

5. It does not appear that the court record has a "J & C Order" on file to instruct the Bureau of Prisons to confine the Appellant. Appellant never signed, contracted, or agreed to be the surety or trustee to be confined on behalf of the entity "ALAINA MARIE GARCIA." Appellant is revoking and revesting all trusts, contracts, agreements, etc. and demands to see the signed order for confinement and be immediately set at liberty.

6. It appears the SBA Loan 1989418110, bearing CUSIP **025081688** is held in a trust and was securitized without Appellant's knowledge or full disclosure. Appellant has a right to demand the auditor, CFO, and Trustee validate the debt in accordance with 15 USC § 1692g and produce the certified accounting records in accordance with the Sarbanes Oxley Act, the Securities and Exchange Act, and UCC § 9-210. Appellant may be owed setoff, settlement, discharge, recoupment, and closure of the account after the trustee is ordered to revoke and revest the trust in accordance with 26 USC §§ 671-677 and defenses and claims in recoupment UCC § 3-305(a)(1)(ii, iii) and UCC § 3-306 as income for the benefit of grantor (Appellant).

7. Appellant sent a notarized commercial **AFFIDAVIT OF TERMINATION FOR FRAUD AND DEMAND FOR RECOUPMENT** to the broker with a UCC-1 and UCC-3 to order the trust to be revoked and revested (26 USC §§ 671-677) for setoff, settlement, discharge, recoupment, closure of all accounts, and termination of the securities. A complaint was also lodged with the Internal Revenue Service to audit for accounting fraud. See **EXHIBIT B.**

8. It appears the SBA Loan 8490718204, bearing CUSIP **31428P103** is held in a trust and was securitized without Appellant's knowledge or full disclosure. Appellant has a right to demand the auditor, CFO, and Trustee validate the debt in accordance with 15 USC § 1692g and produce the certified accounting records in accordance with the Sarbanes Oxley Act, the Securities and Exchange Act, and UCC § 9-210. Appellant may be owed setoff, settlement, discharge, recoupment, and closure of the account after the trustee is ordered to revoke

and revest the trust in accordance with 26 USC §§ 671-677 and defenses and claims in recoupment UCC § 3-305(a)(1)(ii, iii) and UCC § 3-306 as income for the benefit of grantor (Appellant).

9. Appellant sent a notarized commercial **AFFIDAVIT OF TERMINATION FOR FRAUD AND DEMAND FOR RECOUPMENT** to the broker with a UCC-1 and UCC-3 to order the trust to be revoked and revested (26 USC §§ 671-677) for setoff, settlement, discharge, recoupment, closure of all accounts, and termination of the securities. A complaint was also lodged with the Internal Revenue Service to audit for accounting fraud. See **EXHIBIT C.**

10. It appears the PPP Loan 2360427408, bearing CUSIP **353496714** is held in a trust and was securitized without Appellant's knowledge or full disclosure. Appellant has a right to demand the auditor, CFO, and Trustee validate the debt in accordance with 15 USC § 1692g and produce the certified accounting records in accordance with the Sarbanes Oxley Act, the Securities and Exchange Act, and UCC § 9-210. Appellant may be owed setoff, settlement, discharge, recoupment, and closure of the account after the trustee is ordered to revoke and revest the trust in accordance with 26 USC §§ 671-677 and defenses and claims in recoupment UCC § 3-305(a)(1)(ii, iii) and UCC § 3-306 as income for the benefit of grantor (Appellant).

11. Appellant sent a notarized commercial **AFFIDAVIT OF TERMINATION FOR FRAUD AND DEMAND FOR RECOUPMENT** to the broker with a UCC-1 and UCC-3 to order the trust to be revoked and revested (26 USC §§ 671-677) for setoff, settlement, discharge, recoupment, closure of all accounts, and termination of the securities. A complaint was also lodged with the Internal Revenue Service to audit for accounting fraud. See **EXHIBIT D.**

12. It appears the PPP Loan 9158088505, bearing CUSIP **239103708** is held in a trust and was securitized without Appellant's knowledge or full disclosure. Appellant has a right to demand the auditor, CFO, and Trustee validate the debt in accordance with 15 USC § 1692g and produce the certified accounting records in accordance with the Sarbanes Oxley Act, the Securities and Exchange Act, and UCC § 9-210. Appellant may be owed setoff, settlement, discharge, recoupment, and closure of the account after the trustee is ordered to revoke and revest the trust in accordance with 26 USC §§ 671-677 and defenses and claims in recoupment UCC § 3-305(a)(1)(ii, iii) and UCC § 3-306 as income for the benefit of grantor (Appellant).

13. Appellant sent a notarized commercial **AFFIDAVIT OF TERMINATION FOR FRAUD AND DEMAND FOR RECOUPMENT** to the broker with a UCC-1 and UCC-3 to order the trust to be revoked and revested (26 USC §§ 671-677) for setoff, settlement, discharge, recoupment, closure of all accounts, and termination of the securities. A complaint was also lodged with the Internal Revenue Service to audit for accounting fraud. See **EXHIBIT E.**

14. Appellant is ordering all [constructive] trusts for all security instruments at bar to be revoked and revested in accordance with 26 USC §§ 671-677 for setoff, settlement, discharge, recoupment, and closure of all accounts.

15. Appellant declares that I am **NOT** the surety, trustee, or obligor for the entity "ALAINA MARIE GARCIA."

16. Appellant declares that I am the grantor, bailor, owner, and beneficiary for the entity "ALAINA MARIE GARCIA."

17. The UNITED STATES OF AMERICA appears as the grantee, bailee, trustee, surety, and obligor for the entity "ALAINA MARIE GARCIA."

18. Appellant is revoking and rescissioning all signatures from all contracts and agreements for the entity "ALAINA MARIE GARCIA" for cause; mistake and no full disclosure.

19. Appellant is revoking all power of attorney for the entity "ALAINA MARIA GARCIA."

20. Appellant is revoking all power of trustee for the entity "ALAINA MARIA GARCIA."

21. Appellant is revoking all agency agreements for the entity "ALAINA MARIA GARCIA." See also 5 USC § 551.

22. Appellant is revoking and revesting all trusts for the entity "ALAINA MARIA GARCIA." See Restatement of Law 3rd on Trusts § 8.2.2.2 and 26 USC §§ 671-677.

23. It appears the only issue left at bar is to settle the accounting to adjudicate the claims of the alleged creditors. Due process requires certified accounting records be produced by all real parties in interest claiming to be a creditor.

## 2.    6TH AMENDMENT NATURE OF THE ACCUSATION

24. Under the 6th Amendment right, Appellant elected to represent herself in this action, and to waive legal counsel. Appellant does not waive any procedural or substantive rights or remedies in law, equity, or admiralty, including personal jurisdiction.

25. Appellant requested Defense counsel file to be discharged and withdraw from the case as it was clear they were ineffective counsel and acting as surrogate prosecutors by tricking the Appellant to sign an acceptance agreement to be the surety and trustee for the entity "ALAINA MARIE GARICIA."

26. Defense counsel refused to disclose the true 6th Amendment NATURE of the accusation and the certified accounting remedy for setoff, settlement, discharge, recoupment, and closure of all the accounts. At sentencing the court produced an uncertified public accounting of $1,650,000 plus $200 in fees. Private-side accounting records were concealed to defraud the Appellant (26 USC § 7206). The Plaintiff and court failed to certify the public and private-side accounting general ledgers, balance sheets, and off-balance sheets, securities, etc. It appears the NATURE of the accusation was civil/commercial in NATURE, which prohibited the Appellant from preparing an appropriate accounting defense, to issue subpoenas for the accounting discovery, and to cross-examine the custodians, auditor(s), CFO(s), and trustee(s) to comply with the administrative laws of the Internal Revenue Service, the Sarbanes Oxley Act, and the Securities and Exchange Act. Appellant has a right to due process to settle the accounting. See **EXHIBIT F.**

27. According to Article 3 § 2 of the United States Constitution, there only appears to be two (2) criminal law form jurisdictions; common-law and **[colorable vice-]admiralty.**

28. The UNITED STATES OF AMERICA appears to be an artificial entity [fiction at law] and cannot appear in court to be confronted by the Appellant during a jury trial. The UNITED STATES OF AMERICA, being an artificial entity, did not sign an affidavit of complaint. Wherefore, the criminal law form jurisdiction of the action could not be common-law. Appellant has not been provided the discovery of the signed criminal complaint by the UNITED STATES OF AMERICA.

29. The only possible law form jurisdiction of the action is **[colorable vice-]admiralty.** Wherefore, there must be a contract and a bond present for inspection by the Appellant. The Plaintiff never produced a contract, certified accounting records, or any charging or security instruments, which would hold the Appellant criminally liable as the surety, trustee, or obligor. It appears the Plaintiff was willfully concealing the certified accounting and charging instrument and securities to defraud the Appellant, which is evidenced by the broker provided CUSIP report provided herein. This is willful fraud in violation of I.R.M. § 25.1.1.3, I.R.M § 9.1.3. Accounting fraud and concealment in violation of 26 USC §§ 7201-7206, the Sarbanes Oxley Act, the Securities and Exchange Act, SEC Rule 10b-5, and 18 USC §§ 472, 475. Appellant never authorized the use of her identity (18 USC § 1028A), social security number, or Federal tax records to create, indorse, transfer, convey, or sell any securities in her name and make her the surety, trustee, or obligor for the entity "ALAINA MARIE GARCIA." Under Title 15, there must be a secondary obligor to preform equitable subrogation to setoff, settle, discharge, recoupment, and closure of the accounts. Discovery is required to identity and join the indispensable parties; Grantor/Grantee, Bailor/Bailee, Principal Owner, Trustee/Beneficiary, Obligor/Obligee, Subrogor/Subrogee, etc. for the certified accounting and securities at bar.

### 3.   **PERSONAL JURISDICTION**

30. Appellant has a right to challenge personal jurisdiction at any time. The challenge of personal jurisdiction has not been waived by the Appellant.

31. Appellant revoked her signature from the acceptance agreement for cause; mistake and no full disclosure after detecting inducement, threats, duress, and coercion, contract fraud, constitutional violations, and due process violations for concealment of certified accounting records and securities to make the Appellant the surety and trustee for the entity "ALAINA MARIE GARICIA."

32. Appellant filed the Notice, Motion to Require the Prosecutor to Establish Identity, Standing, and Capacity of the Accused and prepared a revised Acceptance of Offer agreement for the court to settle the case. See **EXHIBIT G.**

33. Appellant required the Prosecutor to establish to following personal jurisdiction evidence on the record of the court;

     a.   **Identity** - who exactly is being accused
     b.   **Standing** - which party the prosecutor claims has the legal capacity to be charged
     c.   **Capacity** - whether the United States of America alleges the charge applies to a public person, legal entity, or living woman
     d.   **Authority** - the statutory basis and evidence establishing the correct party
     e.   **Charging Instrument** - verification of the party named in the complaint
     f.   **Res/Rem Jurisdiction** – articulate how you obtained in res and in rem jurisdiction with the charging instrument. Who is the principal, surety, trustee, and secondary obligor
     g.   **Nature** – articulate the nature of the accusation
     h.   **Agency** – produce the agency agreement, power of attorney, and power of trustee to file tax records and charging instruments on behalf of the entity "ALAINA MARIE GARCIA"

34. The Judge denied the Notice, Motion, and Order and did not require the Prosecutor, as the moving party, to prove all the elements of the case. Wherefore, the Judge appears to be biased and practicing law from the bench, in violation of 28 USC § 454, and signing a contract on behalf of the Appellant and making her the surety and trustee for the entity "ALAINA MARIE GARCIA." This appears to be contract fraud and embezzlement for pecuniary gain and acting as an incidental beneficiary committing defalcation in violation of 18 USC §§ 153, 645.

35. Federal courts may not proceed without proper identification of the accused, proper capacity, and a verified charging instrument.

36. Fundamental due process requires:

- Notice of the party being charged
- Opportunity to confront the accuser
- Assurance that the correct party is before the court
- Evidence establishing standing and capacity
- Articulation of the nature of the accusation

37. The **prosecutor,** not the court, must establish these elements.

38. A court cannot proceed on assumptions, presumptions, or unverified identity.

39. The docket. citation, and related records list the party as **"ALAINA MARIE GARCIA".** which appears in a legal-entity format (all-caps, corporate-style designation).

40. Alaina: Garcia. is:

- a living woman
- appearing specially
- not the entity
- not voluntarily entering the public capacity
- not waiving private standing
- not stipulating to being the named Defendant

41. Proceeding forward by sentencing the Appellant **without clarity** created:

- identity ambiguity
- capacity ambiguity
- standing ambiguity
- risk of misidentification
- jurisdictional defects

42. Before any hearing. plea, or adjudication, the prosecutor must first establish:

- The precise **party** they intend to prosecute
- The **capacity** in which the UNITED STATES OF AMERICA claims the party is liable
- That the named party is the correct party
- That the prosecutor has verified authority
- That the charging instrument applies to that party
- Articulate the nature of the accusation
- The certified accounting records and charging instruments

43. Wherefore. it appears that the Judge willfully violated due process.

44. Wherefore, it appears the court is in **administrative judgement default.**

45. The judgement is void at law and equity. Personal jurisdiction was not proven on the record of the court by the moving party, due process was denied, and the action suffered major fatal procedural and substantive defects for fraud by willfully concealing the certified accounting records and securities for equitable subrogation to setoff, settle, discharge, recoupment, and close all the accounts. See Rule 16, 26 USC § 7206, 18 USC § 941, and 18 USC § 1001.and F.R.C.P. Rule 60(b)(2, 3, 4, 5, 6).

## IV. LEDGER OF DAMAGES

The following securities from the broker provided CUSIP reports represent the equitable ownership and income owed to Alaina: Garcia. as the grantor, owner, and beneficiary; 26 USC § 677. Civil damages are calculated under 18 USC § 3571.

Unlawful detainment damages are calculated at $65,217.39 per hour in accordance with the judgement held under Trezevant v City of Tampa. 241 F.2d.336 (11th Cir. 1984). This value, adjusted for inflation would be **$207,227.75** as per the cumulative inflation increase of 217.82% over the 42-yer period from the Bureau of Labor and Statistics (Average Inflation Rate of 2.79% per years, Consumer Price Index 1984: 103.9, CPI 2026 330.213). See Federal Reserve Bank of St. Louis "FRED":

https://fred.stlouisfed.org/series/
CPIAUCSL#:~:text=CPI%20and%20PCE)-,Consumer%20Price%20Index%20for%20All%20Urban%20Consumers
:%20All%20Items%20in,1961%2D02%2D01%20End

| CHARGE | AMOUNT |
|---|---|
| $50,873,000 | 926826108 |
| $183,422,000 | 025081688 |
| $106,002,000 | 31428P103 |
| $2,005,823,000 | 353496714 |
| $16,518,000 | 239103708 |
| **TBD** | Bail |
| **TBD** | Attorney's Fees |
| **TBD** | Unlawful Detainment; Trezevant v City of Tampa **$207,227.75 @ PER DAY** |
| $500,000 | 18 USC § 1028A Aggravated Identity Theft of Tax Records |
| $500,000 | 18 USC § 372, 26 USC § 7201 Attempt to Evade of Defeat Tax |
| $10,000 | 26 USC 6 7202 Willful Failure to Collect or Pay Over Tax X 3 |
| $100,000 | 26 USC § 7203 Willful Failure to File Return, Supply Information, or Pay Tax |
| $1,000 | 26 USC § 7204 Fraudulent Statement or Failure to Make Statements to Employees |
| $1,000 | 26 USC § 7205 Fraudulent Withholding Exemption Certificate or Failure to Supply Information |
| $500,000 | 26 USC § 7206 Fraud and False Statements and Concealment |
| $500,000 | 26 USC § 671-677, 18 USC § 153 Embezzlement |
| $500,000 | 26 USC §§ 671-677, 18 USC § 645 Embezzlement |
| $5,000,000 | 18 USC § 1350 Sarbanes Oxley and Securities and Exchange Act Violation |

| $500,000 | SEC Rule 10b-5 Securities Fraud, concealment |
|---|---|
| $500,000 | 18 USC § 472 Uttering Counterfeit Obligation or Securities |
| $500,000 | 18 USC § 475 Imitating Obligations or Securities |
| $500,000 | 18 USC § 241 Conspiracy Against Rights |
| $500,000 | 18 USC § 242 Deprivation of Rights Under Color of Law |
| $250,000 | 18 USC § 872 Extortion by Officers or Employees of the United States |
| $500,000 | 18 USC 1621 Perjury |
| $250,000 | 18 USC § 1622 Subornation of Perjury |
| $250,000 | 18 USC § 2384 Seditious Conspiracy |
| $250,000 | 42 USC § 1983 Civil Action for Deprivation of Rights |
| $250,000 | 42 USC § 1985 Conspiracy to Interfere with Civil Rights |
| $250,000 | 42 USC § 1986 Action for Neglect to Prevent |

## V. POINTS AND AUTHORITIES AND ANALYSIS

### 1.    I.R.M. § 25.1.1.3 DEFINITION OF FRAUD

**Fraud** is deception by misrepresentation of material facts, or silence when good faith requires expression, which results in material damage to one who relies on it and has the right to rely on it. Simply stated, it is obtaining something of value from someone else through deceit.

Tax fraud is often defined as an intentional wrongdoing, on the part of a taxpayer, with the specific purpose of evading a tax known or believed to be owing. Tax fraud requires both:

- a tax due and owing; and
- fraudulent intent.

Brady v. Maryland, 373 US 83 (1963) is a well-recognized landmark case that established the Prosecutor's constitutional duty to disclose exculpatory evidence, which would be favorable to the Defense. Although the Prosecutor may not have the accounting records in their actual possession to produce as discovery, the CUSIP's are known. Therefore, the broker, auditor, CFO, and trustee who are required to maintain the certified accounting records under the administrative laws of the Internal Revenue Service, the Sarbanes Oxley Act, and the Securities and Exchange Act, can be joined and/or petitioned/subpoenaed to produce the general ledger, balance sheet, off balance sheet, and securities accounting (UCC § 9-210). Giglio v United States, 405 US 150 (1972) and Miller v. Pate, 386 US 1 (1967) also reversed the criminal convictions for material concealment by the Prosecutor.

### 2.    26 USC § 7206 FRAUD AND FALSE STATEMENTS AND CONCEALMENT

Any person who—
(1)DECLARATION UNDER PENALTIES OF PERJURY

Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; or

**(2)AID OR ASSISTANCE**
Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document: or

**(3)FRAUDULENT BONDS, PERMITS, AND ENTRIES**
Simulates or falsely or fraudulently executes or signs any bond, permit, entry, or other document required by the provisions of the internal revenue laws, or by any regulation made in pursuance thereof, or procures the same to be falsely or fraudulently executed, or advises, aids in, or connives at such execution thereof; or

**(4)REMOVAL OR CONCEALMENT WITH INTENT TO DEFRAUD**
Removes, deposits, or conceals, or is concerned in removing, depositing, or concealing, any goods or commodities for or in respect whereof any tax is or shall be imposed, or any property upon which levy is authorized by section 6331, with intent to evade or defeat the assessment or collection of any tax imposed by this title; or

**(5)COMPROMISES AND CLOSING AGREEMENTS**In connection with any compromise under section 7122, or offer of such compromise, or in connection with any closing agreement under section 7121, or offer to enter into any such agreement, willfully—

**(A)Concealment of property**
Conceals from any officer or employee of the United States any property belonging to the estate of a taxpayer or other person liable in respect of the tax, or

**(B)Withholding, falsifying, and destroying records**
Receives, withholds, destroys, mutilates, or falsifies any book, document, or record, or makes any false statement, relating to the estate or financial condition of the taxpayer or other person liable in respect of the tax;

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.

(Aug. 16, 1954, ch. 736, 68A Stat. 852; Pub. L. 97–248, title III, § 329(c), Sept. 3, 1982, 96 Stat. 618.)

Concealing the certified accounting records to defraud the Appellant is unlawful under the Sarbanes Oxley Act, the Securities and Exchange Act, UCC § 9-210, SEC Rule 10b-5, 18 USC §§ 472, 475.

### 3.   26 USC § 676 POWER TO REVOKE

**(a)GENERAL RULE**
The **grantor** shall be treated as the **owner of any portion of a trust**, whether or not he is treated as such owner under any other provision of this part, where at any time the **power to revest** in the grantor title to such portion is exercisable by the grantor or a non-adverse party, or both.

**(b)POWER AFFECTING BENEFICIAL ENJOYMENT ONLY AFTER OCCURRENCE OF EVENT**
Subsection (a) shall not apply to a power the exercise of which can only affect the beneficial enjoyment of the income for a period commencing after the occurrence of an event such that a grantor would not be treated as the owner under section 673 if the power were a reversionary interest. But the **grantor** may be treated as the **owner** after the occurrence of such event unless the power is relinquished.

(Aug. 16, 1954, ch. 736, 68A Stat. 230; Pub. L. 99–514, title XIV, § 1402(b)(2), Oct. 22, 1986, 100 Stat. 2712.)

Appellant is the grantor, bailor, owner, and beneficiary of all the security instruments at bar and has the full power and authority to order the trustee/fiduciary to revoke and revest the trust for setoff, settlement, discharge, recoupment, and closure of all accounts.

## 4. 26 USC § 677 INCOME FOR BENEFIT OF GRANTOR

(a)GENERAL RULE The **grantor** shall be treated as the **owner** of any portion of a **trust**, whether or not he is treated as such owner under section 674, whose income without the approval or consent of any adverse party is, or, in the discretion of the grantor or a nonadverse party, or both, may be—

**(1) distributed to the grantor**

Appellant is due all income, rents, profits, proceeds, etc. from the trusts. Any fiduciary/trustee who refused to revoke and revest the trust may be guilt of embezzlement in violation of 18 USC 153, 645 and subject to paying skip taxes for unjust enrichment in accordance with 26 USC § 108(I)(4)(b), and 26 USC §§ 2612, 2603.

## 5. 18 USC § 153 EMBEZZLEMENT AGAINST ESTAT

(a)OFFENSE.—
A person described in subsection (b) who knowingly and fraudulently appropriates to the person's own use, embezzles, spends, or transfers any property or secretes or destroys any document belonging to the estate of a debtor shall be fined under this title, imprisoned not more than 5 years, or both.
(b)PERSON TO WHOM SECTION APPLIES.—
A person described in this subsection is one who has access to property or documents belonging to an estate by virtue of the person's participation in the administration of the estate as a trustee, custodian, marshal, attorney, or other officer of the court or as an agent, employee, or other person engaged by such an officer to perform a service with respect to the estate.

(June 25, 1948, ch. 645, 62 Stat. 690; Pub. L. 95–598, title III, § 314(a)(1), (d)(1), (2), Nov. 6, 1978, 92 Stat. 2676, 2677; Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 103–394, title III, § 312(a)(1)(A), Oct. 22, 1994, 108 Stat. 4139; Pub. L. 104–294, title VI, § 601(a)(1), Oct. 11, 1996, 110 Stat. 3497.)

Post revoking and revesting the trust and not winding up the trust for the securities and producing the certified accounting records and recoupment is accounting fraud, embezzlement, tax evasion, and securities fraud in violation of the Sarbanes Oxley Act and the Securities and Exchange Act.

## 6. 18 USC § 645 COURT OFFICERS GENERALLY

Whoever, being a United States marshal, clerk, receiver, referee, trustee, or other officer of a United States court, or any deputy, assistant, or employee of any such officer, retains or converts to his own use or to the use of another or after demand by the party entitled thereto, unlawfully retains any money coming into his hands by virtue of his official relation, position or employment, is guilty of embezzlement and shall, where the offense is not otherwise punishable by enactment of Congress, be fined under this title or not more than double the value of the money so embezzled, whichever is greater, or imprisoned not more than ten years, or both; but if the amount embezzled does not exceed $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

It shall not be a defense that the accused person had any interest in such moneys or fund.

(June 25, 1948, ch. 645, 62 Stat. 726; Pub. L. 103–322, title XXXIII, § 330016(1)(H), (2)(G), Sept. 13, 1994, 108 Stat. 2147, 2148; Pub. L. 104–294, title VI, § 606(a), Oct. 11, 1996, 110 Stat. 3511.)

Post revoking and revesting the trust and not winding up the trust for the securities and producing the certified accounting records and recoupment is accounting fraud, embezzlement, tax evasion, and securities fraud in violation of the Sarbanes Oxley Act and the Securities and Exchange Act.

7.  Sarbanes Oxley Act, PL 107-204 was passed in 2002 to improve auditing and public disclosure in response to the accounting scandals and coverups by the Department of Justice in the Enron case. See United States v Kenneth Lay, H-04-0025 (U.S. District Court, Southern District of Texas, Houston Division) and Skilling v United States, 561 US 358 (2010). See also § 802, which sets heavy criminal penalties, including up to 20 years in prison, for anyone who knowingly alters, destroys, mutilates, or conceals a document, record, or tangible object whit the intent to impeded or obstruct a federal investigation. See § 902, which is a specific criminal offense for any person to corruptly alter, destroy mutilate, or conceal a document or record to impair its integrity or availability for use is an official proceeding; 18 USC § 1350.

The production of the certified accounting records from the auditor, CFO, and Trustee for the securities at bar is mandatory. See also SEC Rule 10b-5 and UCC § 9-210, which requires the production of certified accounting records. Given Appellant did not authorize the Prosecutor to create, indorse, sell, transfer, convey, etc any securities in her name this violated SOX § 807 for securities fraud to execute a :scheme or artifice to defraud" the Appellant, which is also promulgated under SEC Rule 10b-5 and 18 USC §§ 472, 475, Appellant demands to inspect the securities for fraud and the identity of the secondary obligor.

8.  **JURISDICTION ISSUES — STARE DECISIS:**

**TAKE NOTICE: Appellant does not and never voluntarily waived personal jurisdiction. Appellant directly challenged personal jurisdiction prior to sentencing and was denied due process.**

Jurisdiction, once challenged, it is to be proven, not by the Courts, but by the party attempting and/or has asserted jurisdiction. The burden of proof of jurisdiction lies within the asserter. Any "...departure by a court from those recognized and established requirements of law however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." -Wuest v. Wuest, 127 P2d 934,937.

"Furthermore, there is a **clear distinction between an individual and a corporation** , and that the former has the right to stand upon his constitutional rights as a citizen. He is entitled to carry his private business in his own way. His power to contract is unlimited. He owes no duty to the United States, since he receives nothing there from, beyond the protection of his life and property. His rights are such as exists by the law of the land long antecedent to the organization to the State and can only be taken away from him by due process of law, and in accordance with the constitution." Hale v. Henkel, 201 U.S. 43.

a.  "The law provides that once the State and Federal jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

b.  "Once jurisdiction is challenged, it must be proven ." Hagans v. Lavine, 415 U.S. 533.

c.  "Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct attack ." Thompson v. Tolmie, 2 Pet. 157, 7 L. Ed. 381; Griffith v. Fraizer, 8 Cr. 9, 3 L. Ed 471.

d.  "No sanctions can be imposed absent proof of jurisdiction ." Standard v. Olsen, 74 S. Ct. 768; Title 5 U.S.C., Sec 556 and 558(b).

e.  "The proponent of the rule has the burden of proof ." Title 5 U.S.C., Sec. 556(d).

f.  (f) "Jurisdiction can be challenged at any time, even on final determination." Basso v. Utah Power & Light Co., 495 2nd 906 at 910.

g.  "Court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." [Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 U.S. 549, 91 L. Ed 1666, 67 S. Ct 1409 (1947)].

h.  United States v Cotton, 535 US 625 (2002) and Ex Parte Seibold (1880) established that challenged to subject matter jurisdiction can never be forfeited or waived and can be raised post-conviction.

i.  "Court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." [Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 U.S. 549, 91 L. Ed 1666, 67 S. Ct 1409 (1947)

ACCARDI DOCTRINE:

The U.S. Supreme Court has provided a law or doctrine that gives the Appellant a legal remedy for the Prosecutor's failure to comply; it is called the "Accardi Doctrine" which was established by the U.S. Supreme Court. A Government Agency being the prosecutor ... Must scrupulously observe rules of procedures which it has established, and when it fails to do so, its action cannot stand in Courts will strike it down. UNITED STATES ex rel. "Accardi v. Shaughnessy, 347 U.S. 260; United States v. Heffner 420 F 2d 809."

9.  Before the Plaintiff argues that FRCP Rule 12(b)(6) does not apply in a criminal action: Ashcroft v Iqbal, 566 U.S. 662 (2009); F.R.C.P. Rule 12(b)(6) "failure to state a claim upon which relief can be granted." The **NATURE** of the complaint made by the UNITED STATES OF AMERICA does not pass the two-step analysis. First, the Plaintiff did not prove personal jurisdiction on the record of the court. Second, Plaintiff did not produce any certified accounting records, which would prove the Appellant is not due a setoff, settlement, discharge, recoupment, and closure of the accounts. See also defenses and claims in recoupment UCC § 3-305(a)(1)(ii, iii) and UCC § 3-306. The Plaintiff attempted to trick the Appellant by merely asserting that the Appellant was personally liable as the surety and trustee for the entity "ALAINA MARIE GARCIA" with no right to inspect or to validate the accounting (15 USC § 1692g, UCC § 9-210) or a remedy to setoff and discharge the liability in accordance with 26 USC § 6325 and 31 USC § 3123 by and through the production of the certified accounting general ledgers, balance sheets, off balance sheets, securities, etc. post revoking and revesting the trusts. Appellant, in fact, is the grantor and beneficiary of the constructive trusts. Plaintiff, who in fact has custody of the accounting records and securities, can only be the trustee in this legal relation.

Second, the court denied due process when the Appellant challenged personal jurisdiction as being legally liable for the alleged debt. Due process is the production of certified accounting records from the auditor, CFO, and trustee. Not an assumption or presumption or mere statements of account made by the Prosecutor or an agent not authorized to certify the general ledger, balance sheets, off-balance sheets, securities, etc.

If the accounting shows the Appellant is due a setoff, settlement, discharge, recoupment, and closure of the accounts, this court would not have subject matter jurisdiction to hear or try this case as no debt is due by the Appellant. In fact the UNITED STATES OF AMERICA likely owes the Appellant recoupment once the certified accounting records are produced as fact evidence for this court, given the Appellant is ordering the trustee to revoke and revest the trusts.

10. 6TH AMENDMENT

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be **informed of the nature** and cause **of the accusation; to be confronted with the witnesses against him**; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."

See **EXHIBIT F** for the memorandum of law. The UNITED STATES OF AMERCIA is an artificial entity and cannot appear in court to be confronted and cross-examined. The UNITED STATES OF AMERICA did not sign

an affidavit of complaint. The Prosecutor merely stated the statutory violations, which is not sufficient to determine the NATURE of the accusation for personal jurisdiction or the certified accounting records.

## 11. ARTICLE 3 § 2, CL, 1 CASES OR CONTROVERSIES

The judicial Power shall extend to all Cases, in **Law** and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of **admiralty** and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State,—between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

This action brough before this article 1 administrative court is not a common-law crime. Wherefore, the only possible criminal action is being brought under [**colorable-vice**] **admiralty** jurisdiction. Wherefore, there must be a contract and a security instrument. Neither has been produced by the Plaintiff as evidence of a crime or fully disclosed in the agreement between the parties. Both the contract and the security instruments and their certified accounting records are being concealed by the Plaintiff.

## 12. 15 USC § 1692g VALIDATION OF DEBTS

(a)NOTICE OF DEBT; CONTENTS
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall. unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1)
the amount of the debt;
(2)
the name of the creditor to whom the debt is owed;
(3)
a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4)
a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)
a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
(b)DISPUTED DEBTS
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c)ADMISSION OF LIABILITY**

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d)LEGAL PLEADINGS**

A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e)NOTICE PROVISIONS**

The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by title 26, title V of Gramm-Leach-Bliley Act [15 U.S.C. 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

(Pub. L. 90–321, title VIII, § 809, as added Pub. L. 95–109. Sept. 20, 1977, 91 Stat. 879; amended Pub. L. 109–351, title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006.)

Validation of the debt is distinctly different than verification of the debt. Validation required certified accounting record signed by an authorized individual such as the auditor, CFO, and/or trustee. Mere statements alone does not quality as GAAP/GAAS accounting, nor does it comply with Sarbanes Oxley Act, the Securities and Exchange Act, nor UCC § 9-210 for the accounting of the securities.

13. **§ 9-210. REQUEST FOR ACCOUNTING; REQUEST REGARDING LIST OF COLLATERAL OR STATEMENT OF ACCOUNT.**

(a) [Definitions.]

In this section:

(1) "Request" means a record of a type described in paragraph (2), (3), or (4).

(2) "Request for an accounting" means a record authenticated by a debtor requesting that the recipient provide an accounting of the unpaid obligations secured by collateral and reasonably identifying the transaction or relationship that is the subject of the request.

(3) "Request regarding a list of collateral" means a record authenticated by a debtor requesting that the recipient approve or correct a list of what the debtor believes to be the collateral securing an obligation and reasonably identifying the transaction or relationship that is the subject of the request.

(4) "Request regarding a statement of account" means a record authenticated by a debtor requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligations secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request.

(b) [Duty to respond to requests.]

Subject to subsections (c), (d), (e), and (f), a secured party , other than a buyer of accounts . chattel paper . payment intangibles . or promissory notes or a consignor . shall comply with a request within 14 days after receipt:

(1) in the case of a request for an accounting . by authenticating and sending to the debtor an accounting; and

(2) in the case of a request regarding a list of collateral or a request regarding a statement of account, by authenticating and sending to the debtor an approval or correction.

(c) [Request regarding list of collateral; statement concerning type of collateral.]

A secured party that claims a security interest in all of a particular type of collateral owned by the debtor may comply with a request regarding a list of collateral by sending to the debtor an authenticated record including a statement to that effect within 14 days after receipt.

(d) [Request regarding list of collateral: no interest claimed.]

A person that receives a request regarding a list of collateral, claims no interest in the collateral when it receives the request, and claimed an interest in the collateral at an earlier time shall comply with the request within 14 days after receipt by sending to the debtor an authenticated record :

(1) disclaiming any interest in the collateral; and

(2) if known to the recipient, providing the name and mailing address of any assignee of or successor to the recipient's interest in the collateral.

(e) [Request for accounting or regarding statement of account: no interest in obligation claimed.]

A person that receives a request for an accounting or a request regarding a statement of account, claims no interest in the obligations when it receives the request, and claimed an interest in the obligations at an earlier time shall comply with the request within 14 days after receipt by sending to the debtor an authenticated record :

(1) disclaiming any interest in the obligations: and

(2) if known to the recipient, providing the name and mailing address of any assignee of or successor to the recipient's interest in the obligations.

(f) [Charges for responses.]

A debtor is entitled without charge to one response to a request under this section during any six-month period. The secured party may require payment of a charge not exceeding $25 for each additional response.


## VI. CONCLUSION

Alaina: Garcia. has been damaged. Appellant requests this court **vacate and set aside the judgement and order** for fraud, concealment, and new evidence that was ready to be presented to the court for discovery prior to sentencing by challenging personal jurisdiction of the court and for several newly discovered facts for certified accounting records and securities, which any reasonable jury, as a fact-finder, could evaluate. Lawyers are required to produce accounting records and when accounting fraud is declared are responsible to audit their client's records (See **EXHIBIT H**). The court that issued the order did not have the legal authority to enter the judgement and order while personal jurisdiction was being challenged and accounting records held in trust supplied to the court were being challenged for being fraudulent in nature. The Plaintiff and defense counsel refused to disclose the 6th Amendment **NATURE** of the accusation. The Plaintiff and defense counsel refused to disclose the **NATURE** of which the only two (2) known criminal law form jurisdictions the article 1 administrative court was moving under Article 3 § 2 of the United States Constitution; **common-law** or **colorable vice-admiralty**. The Plaintiff and defense counsel tricked the Appellant to accept personal jurisdiction (F.R.C.P. 12(b)(2)) as the surety and trustee for several constructive trusts when in fact the Appellant is the grantor, bailor, owner, and beneficiary and the Plaintiff is the grantee, bailee, and trustee. The Plaintiff failed to state a claim upon which relief could be granted (F.R.C.P. 12(b)(6)) by willfully concealed critical accounting and securities evidence, in violation of the Sarbanes Oxley Act and the Securities and Exchange Act, which was recently discovered by the Appellant and being brought to the attention of the court to challenge personal jurisdiction and to require discovery fr certified accounting records. The Appellant has the full power and authority to order the fiduciary/trustee to revoke and revest the trusts for equitable subrogation to setoff, settle, discharge, recoupment and close all the accounts. Failure to revoke and revest the trusts is willful embezzlement by the trustees in violation of 18 USC §§ 153, 645 and places the trustees in liability to pay the skip taxes in violation of 26 USC § 108(I)(4)(b), and 26 USC §§ 2612, 2603.

## VII. REQUEST FOR RELIEF

Alaina: Garcia. respectfully requests that the Court issue an order requiring the **court** to:

1.  Vacate and set aside the judgment and order.
2.  Order the court and warden to produce the signed "J & C Order" (Judge's order and confinement).
3.  Immediately release Alaina: Garcia., beneficiary, from custody.
4.  Order the Prosecutor to respond to the personal jurisdiction challenge with fact evidence for the court.
5.  Order the court and Prosecutor to produce the certified accounting records and charging instruments.
6.  Order the court and Prosecutor to revoke and revest all trusts and securities.
7.  Order the court to perform equitable subrogation to setoff, settle, discharge, recoupment, and close all accounts.
8.  Order the court and Prosecutor and broker to terminate the securities.
9.  Order the court and Prosecutor to sign the revised Acceptance provided by Alaina: Garcia., beneficiary.
10. Or in the alternative, if the court and Prosecutor refuse to produce the certified accounting records and charging instruments and revoke and revest the trust for setoff, settlement, discharge, recoupment, and closure of all accounts, order the court and Prosecutor, as the trustees, to dismiss the case without prejudice for willful concealment to defraud Alaina: Garcia. beneficiary.

Alaina: Garcia. makes this Special Appearance solely for this appeal and does not consent to general jurisdiction.
Respectfully submitted,
**Alaina: Garcia.**
A LIVING WO/MAN STANDING IN PRIVATE CAPACITY
Authorized Agent for the entity "ALAINA MARIE GARCIA"
All Rights Reserved

Signature: _____