IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–25–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ALAINA MARIE GARCIA, | |
| Defendant. | |

On May 20, 2026, Defendant Alaina Marie Garcia was sentenced to 30 months in custody for her convictions for bank fraud, 18 U.S.C. § 1344, and engaging in monetary transactions derived from unlawful activity, 18 U.S.C. § 1957.  (*See* Doc. 75 (Judg.).) On May 28, 2026, Garcia filed a Notice of Appeal, (Doc. 79), and attached, *inter alia*, an "Affidavit in Support of Motion to Vacate and Set Aside Judement [sic] and Order," (Doc. 79-1). That Affidavit seeks to set aside her criminal judgment on several bases, including arguments under the Federal Rules of Civil Procedure and the Uniform Commercial Code. (*Id.*) That request is denied. The grounds upon which a criminal defendant may challenge a judgment, once entered, are limited. Rules 35 and 36 of the Federal Rules of Criminal Procedure allow for amendment in certain circumstances, such as clerical mistakes, Fed. R. Crim. P. 36, or "clear error," Fed. R. Crim. P. 35(a). Garcia's

1

motion does not fall into either category. Rather, Garcia seeks to challenge her conviction, citing newly discovered evidence. While such evidence may form the basis for a motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure, Garcia has filed a direct appeal of her conviction and sentence, (*see* Doc. 79, 80). "If an appeal is pending, the court may not grant a motion for a new trial [on newly discovered evidence] until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). And to the extent she seeks to set aside or vacate her conviction based on the performance of her prior defense counsel, as she asserts in her affidavit, such relief may only be pursued through a habeas motion after her judgment becomes final. *See* 28 U.S.C. § 2255.

Accordingly, IT IS ORDERED that Garcia's motion (Docs. 79, 79-1) is DENIED.

IT IS FURTHER ORDERED that, given the procedural posture of the case and the nature of Garcia's filings, the Clerk is directed not to accept any further filings until Garcia's appeal is either resolved or dismissed.

DATED this 1st day of June, 2026.

Dana L. Christensen, District Judge
United States District Court

2