IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–25–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ALAINA MARIE GARCIA, | |
| Defendant. | |

Before the Court is Defendant Alaina Marie Garcia's motion for release from custody pending appeal. (Doc. 92.) The Government opposes the motion. (Doc. 97.) The Court denies the motion.

As a general rule, a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained." 18 U.S.C. § 3143(b)(1). However, a court may grant a defendant's motion for release pending appeal if the defendant shows: (1) "by clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community if released"; and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, [or] a sentence that does not include a term of imprisonment[.]" *Id.* It bears emphasis that, "danger may, at least in some

1

cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992).

The Court finds that Garcia cannot establish the first requirement. After observing Garcia and the facts and circumstances of this case, the Court concluded Garcia was a flight risk and chose to remand Garcia following the sentencing hearing. Based on the offense conduct in this case, the Court is not convinced that Garcia's release would not pose a substantial economic danger to the community. Nothing has changed since the Court's original analysis, and Garcia does not present new facts that would change that conclusion.

Garcia also fails to establish the second requirement. Garcia contends that her change of plea hearing was deficient, that she did not unequivocally waive her right to counsel, and that she did not receive a "full and complete" evidentiary hearing on her motion to withdraw guilty plea. (Doc. 93 at 5–27.) Having again reviewed the transcript of Garcia's change of plea hearing, the Court rejects the contention that it was in any way deficient. The Court also finds that Garcia unequivocally elected to present herself. Before conducting the *Faretta* hearing, the Court asked Garcia if she wished to represent herself. (Doc. 88 at 5–6.) Garcia said she would be representing herself. (*Id.* at 6.) After conducting the *Faretta* hearing, the Court again asked Garcia if she wished to represent herself. (*Id.* at 15.) Garcia responded "Yes, Your Honor." (*Id.*) Finally, the Court finds that Garcia

received a full and complete evidentiary hearing on her motion to withdraw guilty plea. Garcia provided documents and exhibits which were admitted into evidence. (*Id.* at 29.) The Court refused to admit Garcia's personal notes as they were not evidence. (*Id.* at 33.) After considering the evidence and giving Garcia an opportunity to argue her motion, the Court denied the motion. (*Id.* at 35.)

Garcia fails to meet the requirements of 18 U.S.C. § 3143(b).

Accordingly, IT IS ORDERED that the motion (Doc. 92) is DENIED.

DATED this 29th day of July, 2026.

Dana L. Christensen, District Judge
United States District Court

3